1  GREENBERG TRAURIG, LLP
   Allan Z. Litovsky (Bar No. 183182)
2       (litovskya@gtlaw.com)
   Michaele N. Turnage Young (Bar No. 247796)
3       (turnageyoungm@gtlaw.com)
4  3161 Michelson Drive, Suite 1000
   Irvine, California 92612
5  Telephone: (949) 732-6500
   Facsimile:  (949) 732-6501
6  Attorneys for Plaintiff
7  CMG Financial Services, Inc.

8
   LATHAM & WATKINS, LLP
9  Bob Steinberg (Bar No. 126407)
        (bob.steinberg@lw.com)
10 Neil A. Rubin (Bar No. 250761)
        (neil.rubin@lw.com)
11 355 South Grand Avenue
12 Los Angeles, California 90071-1560
   Telephone: (213) 485-1234
13 Facsimile: (213) 891-8763
14 Attorneys for Defendant
15 Pacific Trust Bank, F.S.B.

16              UNITED STATES DISTRICT COURT
17           FOR THE CENTRAL DISTRICT OF CALIFORNIA
18                      WESTERN DIVISION
19

20 CMG FINANCIAL SERVICES,        CASE NO. CV11-10344 PSG (MRWx)
   INC.,
21                                [~~PROPOSED~~] PROTECTIVE ORDER
22         Plaintiff,
23
   vs.
24
25 PACIFIC TRUST BANK, F.S.B. *et
   al.*,
26
27         Defendants.
28

| | |
|---|---|
| 1 | PACIFIC TRUST BANK, F.S.B., |
| 2 | Counter-Plaintiff, |
| 3 | |
| 4 | vs. |
| 5 | CMG FINANCIAL SERVICES, INC., |
| 6 | |
| 7 | Counter-Defendant. |

The Court finds that the parties to this case may be required to disclose trade secrets, confidential financial information, or confidential commercial information, the unauthorized use or disclosure of which is likely to cause harm to the party producing such information or contravene an obligation of confidentiality to a third person or to a court. Accordingly, the Court enters the following Protective Order ("Order") pursuant to Federal Rule of Civil Procedure 26(c)(1).

## DEFINITIONS

1. "PARTY" means any named party in this lawsuit who has made an appearance or a third party who is subject to a subpoena in this lawsuit.

2. "PERSON" means an individual or an entity.

3. "PRODUCING PARTY" and "DESIGNATING PARTY," which are used interchangeably herein, mean the PARTY disclosing the information for the purposes of this lawsuit.

4. "REQUESTING PARTY" means the PARTY requesting that documents or information be produced or disclosed via discovery in this case.

5. "RECIPIENT" means the PERSON that receives the information or documents via discovery in this case.

6. "CONFIDENTIAL INFORMATION" means a trade secret or other confidential research, technical, development, or commercial information (within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) and the case law decided thereunder) that is designated in good faith by the PRODUCING PARTY as "**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**" or "**CONFIDENTIAL - FOR OUTSIDE COUNSEL'S EYES ONLY (PER PROTECTIVE ORDER**)," the unauthorized use or disclosure of which is likely to cause harm to the PRODUCING PARTY or contravene an obligation of confidentiality to a third person or to a court.

7. "HIGHLY CONFIDENTIAL INFORMATION" is CONFIDENTIAL INFORMATION that is designated in good faith by the PRODUCING PARTY as

"**CONFIDENTIAL - FOR OUTSIDE COUNSEL'S EYES ONLY (PER PROTECTIVE ORDER**)," the disclosure of which to a competitor, such as the opposing parties in this case, is so likely to cause harm to the PRODUCING PARTY or contravene an obligation of confidentiality to a third PERSON or to a court that it may not be disclosed to the REQUESTING PARTY (other than as expressly stated below), the REQUESTING PARTY's in-house counsel, or another PARTY and its in-house counsel other than the PRODUCING PARTY and its in-house counsel.

## MAKING CONFIDENTIALITY DESIGNATIONS

8. A PRODUCING PARTY shall have the right to designate any produced information as CONFIDENTIAL INFORMATION by clearly and prominently marking it on its face as "**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**" or, in the case of deposition testimony, by stating on the record at the deposition that the information is CONFIDENTIAL INFORMATION.

9. A PRODUCING PARTY shall have the right to designate information as HIGHLY CONFIDENTIAL INFORMATION by clearly and prominently marking it on its face as "**CONFIDENTIAL - FOR OUTSIDE COUNSEL'S EYES ONLY (PER PROTECTIVE ORDER**)" or, in the case of deposition testimony, by stating on the record at the deposition that the information is HIGHLY CONFIDENTIAL INFORMATION.

## PROCEDURE FOR POST-PRODUCTION DESIGNATION

10. At any time prior to the final pretrial conference in this action, a PRODUCING PARTY may seek additional protection for previously produced information by re-producing and re-designating such information as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. If information was properly shown to a person who would not be entitled to see it as newly re-designated, that person shall be advised that the information has been re-designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, as the case may be, and instructed not to use the information for any purpose.

## WITHDRAWING CONFIDENTIALITY DESIGNATIONS

11. A PRODUCING PARTY may withdraw a confidentiality designation by informing all of the RECIPIENTS of the designated information in writing.

## DISPUTING CONFIDENTIALITY DESIGNATIONS

12. If a PARTY disputes a PRODUCING PARTY'S confidentiality designation, the PARTY shall notify the PRODUCING PARTY in writing of the basis for the dispute, identifying the specific document(s) or thing(s) as to which the designation is disputed and proposing a new designation. The PARTY disputing the confidentiality designation and other PARTIES (including the PRODUCING PARTY) shall then promptly meet and confer to attempt to resolve the dispute without involving the Court. If the PARTIES cannot resolve the dispute, the disputed confidentiality designation shall remain effective, unless the PARTY disputing the confidentiality designation files a motion with the Court seeking to remove the PRODUCING PARTY'S confidentiality designation and the Court grants such motion.

13. A PARTY'S failure to contest a confidentiality designation shall not be construed as an admission that the information was properly designated as such or a waiver of the PARTY'S right to contest such designation at a later time.

## USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION

14. CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION may be used and disclosed only for the purposes of this lawsuit (including any appeals), subject to the restrictions of this Order. Counsel for each PARTY and each authorized RECIPIENT must take reasonable precautions to prevent the unauthorized or inadvertent use or disclosure of CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION.

15. Absent written permission from the PRODUCING PARTY or further order by the Court, the RECIPIENT may not disclose CONFIDENTIAL INFORMATION to any PERSON other than the following:

      a.    A PARTY'S outside counsel of record, including necessary support staff (e.g. paralegals and clerical personnel);

      b.    A PARTY'S in-house counsel, including necessary support staff (e.g. paralegals and clerical personnel);

      c.    A PARTY'S officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case;

      d.    Stenographers or videographers recording testimony concerning the CONFIDENTIAL INFORMATION;

      e.    Subject to the provisions of paragraph 17 of this Order, experts and consultants, including necessary support staff, employed by a PARTY for the purposes of this lawsuit; and

      f.    The Court, including necessary support staff (e.g., court personnel);

      g.    An arbitrator or mediator who is assigned to hear this matter, and his or her necessary support staff;

      h.    Subject to the provisions of paragraph 17 of this Order, Trial consultants and mock jurors;

      i.    Subject to the provisions of paragraph 17 of this Order, any other PERSON that the PARTIES agree in writing shall have access;

16.    Absent written permission from the PRODUCING PARTY or further order by the Court, the RECIPIENT may not disclose HIGHLY CONFIDENTIAL INFORMATION to any PERSON other than the PERSONS identified in paragraph 15(a) and 15(d) through 15(i).

17.    A PARTY may not disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to any PERSON pursuant to paragraphs 15(e) and 15(i) of this Order until after (i) such PERSON has signed an undertaking in the form of Appendix 1 to this Order; (ii) the undertaking is provided to all other PARTIES; (iii) the PARTY proposing to make the disclosure serves the PRODUCING

4

PARTY and the other PARTY to this lawsuit (if the latter is different from the former) with a written identification of such PERSON, including a copy of the PERSON'S curriculum vitae in the case of PERSON within the scope of Paragraph 15(e); and (iv) the PRODUCING PARTY is allowed at least five (5) days to object to the proposed disclosure.  If the PRODUCING PARTY has good cause to object to the proposed disclosure (which objections may not include challenging the qualifications of the expert or consultant), it must serve the other PARTIES, including the PARTY proposing to make the disclosure, with a written objection within five (5) days after service of the identification.  If the PARTIES cannot resolve their dispute within five (5) business days of service of the objection, the PRODUCING PARTY may move the Court for a ruling (in this case, the information shall not be disclosed to the proposed PERSON until the Court rules on the matter).  If the PRODUCING PARTY fails to move the Court for a ruling within ten (10) business days of service of the objection, the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be disclosed to the PERSON without the Court's approval.  The curriculum vitae referenced above must contain a list of all employment and consulting relationships as well as all other business affiliations (e.g., a board of directors membership) of the PERSON for the previous ten (10) years.

      18.   Notwithstanding anything to the contrary in this Order, a PARTY may disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to:

      a.   Any current employee of the PRODUCING PARTY;

      b.   An expert of the PRODUCING PARTY, upon examination or cross-examination;

      c.   Any PERSON who authored the information in whole or in part, including any such PERSON who is no longer affiliated with the PRODUCING PARTY;

        d.      Any PERSON who received the information before this lawsuit was filed, provided this fact is clearly ascertainable through such information.

19.    If there is a reasonable likelihood that CONFIDENTIAL INFORMATION may be disclosed at a deposition, the PRODUCING PARTY shall have the right to exclude from attendance at the relevant portion of the deposition any PERSON other than the deponent and the PERSONS authorized in paragraph 15.

20.    Nothing in this Order shall prevent a PARTY from using any CONFIDENTIAL INFORMATION at a hearing or at trial.  The PARTIES may request that attendance at those portions of the hearing or trial, or access to the transcripts of those portions of the hearing or the trial, in which CONFIDENTIAL INFORMATION is to be disclosed be restricted to court personnel and PERSONS authorized to receive the CONFIDENTIAL INFORMATION in question in paragraphs 15 or 16.  If there is a reasonable likelihood that HIGHLY CONFIDENTIAL INFORMATION may be disclosed at a deposition, the PRODUCING PARTY shall have the right to exclude from attendance at the relevant portion of the deposition any PERSON other than the deponent and the PERSONS authorized in paragraph 16.

21.    A PARTY who wishes to disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to a PERSON not authorized under paragraphs 15 or 16 must first make a reasonable attempt to obtain the PRODUCING PARTY'S permission.  If the PARTY is unable to obtain permission from the PRODUCING PARTY, it may move the Court for an Order allowing the disclosure.

22.    If CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed to any other PERSON other than a PERSON authorized by this Order, the PARTY responsible for the unauthorized disclosure must (a) immediately bring all pertinent facts related to the unauthorized disclosure to the attention of all other PARTIES, and (b) without prejudice to the rights and remedies of other PARTIES, make every effort to prevent further disclosure, including (i) using its best efforts to have any

PERSON who received the information who is not authorized in paragraph 15 sign the undertaking attached as Appendix 1, and (ii) within three (3) business days of the discovery of such disclosure, informing any PERSON who received the information who is not listed in paragraph 15 of the provisions of this Order. Nothing in this paragraph shall prevent a PARTY from seeking further relief from the Court.

23. If a PARTY wishes to file a document that has been designated by any other PARTY as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION with the Court, the PARTY shall make an application to the Court for an order granting leave for the document to be filed under seal pursuant to Local Rule 79-5.1. If filing cannot be accomplished under seal, the document shall not be filed.

24. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this lawsuit and, in the course thereof, relying upon any information designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, provided that the contents of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION must not be disclosed or otherwise made known to any unauthorized PERSON.

## DISPOSING OF CONFIDENTIAL INFORMATION

25. Within thirty (30) days of the final resolution of this lawsuit (including all appeals) and the expiration of the statutory appeal periods, each RECIPIENT must destroy all documents containing the PRODUCING PARTY'S CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION received by such RECIPIENT pursuant to this Order. In addition, each RECIPIENT must destroy all notes, memoranda, or other materials derived from or in any way revealing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION received hereunder. Each RECIPIENT disposing of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION must promptly (but not later than within thirty (30) days after the duty to destroy is triggered under this paragraph) certify

to the PRODUCING PARTY in writing its compliance with the requirements of this paragraph.

26. The PRODUCING PARTY may retrieve from the Court any of its CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION filed under seal within thirty (30) days of the final resolution of this lawsuit (including all appeals) and the expiration of the statutory appeal periods.  If the PRODUCING PARTY does not do so, court personnel may destroy any such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

27. Notwithstanding paragraph 25, a PARTY's outside counsel of record in this lawsuit may retain (a) one complete set of all documents filed with the Court that are subject to this Order, and (b) attorney work product that contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

## CLAWBACK PROVISION

28. Pursuant to Federal Rule of Evidence 502(d), a request by a PRODUCING PARTY that information (including documents) be returned because it is privileged or subject to work product or another immunity from discovery shall not constitute a waiver of the applicable privilege or immunity as long as (a) the PRODUCING PARTY did not intentionally disclose the information in a selective, misleading, and unfair manner in an attempt to gain a strategic advantage, (b) upon becoming aware of the disclosure, the PRODUCING PARTY promptly designates the information as privileged or subject to an immunity, and (c) the PRODUCING PARTY requests in writing the return of any such documents to the PRODUCING PARTY.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**AFTER THE CONCLUSION OF THIS LAWSUIT**

29. The obligations imposed by this Order survive the conclusion of this lawsuit.

IT IS SO ORDERED.

Dated: August 23, 2012                                    /s/ Judge Wilner
                                                          Hon. Michael R. Wilner
                                                          United States Magistrate Judge

# APPENDIX 1

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CMG FINANCIAL SERVICES, INC.,<br><br>   Plaintiff,<br><br>vs.<br><br>PACIFIC TRUST BANK, F.S.B. et al.,<br><br>   Defendants. | CASE NO. CV11-10344 PSG (MRWx)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| PACIFIC TRUST BANK, F.S.B.,<br><br>   Counter-Plaintiff,<br><br>vs.<br><br>CMG FINANCIAL SERVICES, INC.,<br><br>   Counter-Defendant. | |

   I, _____, declare the following under the penalties of perjury as provided by the laws of the United States of America:

   I have read the Court's Protective Order and understand that my use of Confidential Information and/or Highly Confidential Information is subject to the terms and conditions of that Protective Order.

   I agree to be bound by the Court's Protective Order.  Accordingly, I agree to use Confidential Information or Highly Confidential Information solely for the purposes of this lawsuit.  In addition, I understand that neither Confidential Information, Highly Confidential Information, nor any notes concerning or containing Confidential

Information or Highly Confidential Information may be disclosed to anyone that is not bound by the Court's Protective Order.

Furthermore, I agree to destroy any Confidential Information, Highly Confidential Information, and all notes concerning or containing Confidential Information or Highly Confidential Information at the conclusion of this lawsuit or at the request of the _____ [insert name of the PARTY who proposes to allow disclosure of the information to the signatory of this undertaking] or its designee.

I submit to the jurisdiction of the Court that issued the Protective Order for the purposes of enforcing that order. I waive all objections I may otherwise have to that Court's personal jurisdiction over me or to the propriety of venue in that Court for the purposes of enforcement of this Protective Order and my compliance therewith.

Date: _____ 20___

_____
(signature)